# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LORENZO GARCIA,

    Plaintiff,

v.                                                  No. 1:24-cv-1286-KK-KRS

STATE FARM INSURANCE COMPANY,
and RANDY CARNEY,

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on March 12, 2025. At the hearing, the Court adopted the parties' Amended Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below:

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

    (a)    Maximum of thirty (30) interrogatories by side each party to any other party, with responses due thirty (30) days after service.

    (b)    Maximum of thirty (30) requests for admission by each party to any other party, with responses due thirty (30) days after service.

    (c)    Maximum of thirty (30) requests for production of documents by each party, to any other party, with responses due thirty (30) days after service.

    (d)    Maximum of seven (7) depositions by each side, limited (other than parties and experts) to four (4) hours unless extended by agreement of the parties

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to move to amend pleadings or join additional parties: **April 4, 2025**;

(b) Deadline for Defendants to move to amend pleadings or join additional parties: **April 11, 2025**.

(c) Deadline for Plaintiff's expert reports: **June 30, 2025**.[1]

(d) Deadline for Defendants' expert reports: **July 31, 2025**.

(e) Termination of discovery: **September 5, 2025**.

(f) Motions relating to discovery: **September 25, 2025**.

(g) Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

(h) All other motions:[2] **October 6, 2025**.

(i) Pretrial order: **To be set by the presiding judge**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made

---

[1] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at *https://www.nmd.uscourts.gov/judges*. Each judge may have practices and submission procedures that counsel are expected to follow.

by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

      **SO ORDERED THIS 12th day of March 2025.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE