**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LORENZO GARCIA,

    Plaintiff,

v.                                                                                   No.  1:24-cv-01286 KK/KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and RANDY CARNEY,

    Defendants.

**ORDER**

Currently before the Court is the Motion For Entry Of Stipulated Confidentiality and Protective Order, filed by Plaintiff Lorenzo Garcia, and Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and Randy Carney ("Motion") (Doc. 34). Finding good cause and noting the agreement of the Parties, the Court grants the Motion as follows:

**<u>STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER</u>**

    A.    State Farm possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available, including Operation Guides, Standard Claim Processes, Jurisdictional References.  "Confidential" designation shall include:

    (i)    Proprietary, confidential, competitively sensitive, internal-use only, or trade secret information of State Farm and its related entities, including but not limited to financial information, training materials, and contracts or agreements with third parties; and

    (ii)    Any non-public material of a sensitive or proprietary nature of State Farm.

B.      Some of such documents contain confidential, proprietary, or trade secret information that may be subject to discovery in this action but should not be made publicly available. *See* Fed. R. Civ. P. 26(c)(1)(G).

C.      State Farm therefore requests that the Court enter this Stipulated Confidentiality and Protective Order ("Protective Order") to balance the discovery rights of Plaintiff to receive properly, and State Farm to protect, State Farm's private, confidential, internal-use only, proprietary, or trade secret information.

D.      Designating material as confidential is deemed an assertion by State Farm that the material has not been previously disclosed, to the best of State Farm's Knowledge, absent a confidentiality agreement or order. State Farm reserves the right to argue, pursuant to Paragraph 11 of this Protective Order, that material is properly designated as confidential if it entered the public domain through improper means, or inadvertent disclosure that was subsequently remedied, or if protected by a protective order, confidentiality agreement, order of court, subpoena, or regulatory compliance activity.

In light of the foregoing, the Court **ORDERS** that:

1.      All production and disclosure of information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information"). In lieu of marking a document CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the parties should redact from any

discovery material information concerning: (a) Social Security Numbers; (b) Driver's license numbers; (c) Bank account information; (d) irrelevant health and medical treatment information.

2.     Information subject to this Protective Order shall be designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret, or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Information may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER after a good-faith review by counsel of record, and counsel making a designation shall comply with the standards set forth in F.R.C.P. 26(c)(1)(G).

3.     With respect to deposition testimony, State Farm may, either on the record at the deposition or by written notice to opposing counsel no later than twenty (20) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until twenty (20) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being

taken because of the anticipated testimony. **Furthermore, any document designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

4. The disclosure by State Farm of information considered by State Farm to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver by State Farm in whole or in part of that claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) business days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) business days of receipt of the properly designated documents. In addition, if a producing party gives notice to the receiving party of certain inadvertently or mistakenly produced material, the producing party has the right to claw back and/or produce redacted versions of same, and the obligation of the receiving parties to return or destroy the claw back documents are those set forth in this Protective Order, Federal Rule of Civil Procedure 26(b)-(c), and Rules of Professional Conduct 4.4.

5. When information which is designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted, or referenced in any deposition, hearing, trial, or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only

persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation, or reference.

      6.      Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed. For good cause shown, such list shall be available for inspection by opposing counsel upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

      7.      Except as agreed by the Parties or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (a) only be used in the preparation for trial and/or any appeal of this Action; and (b) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto, pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h)-(k), and 10 of this Protective Order, information which is designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not

be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm.

8. Information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties, including designated representatives and counsel for the entity;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A* (Plaintiff shall provide signed Acknowledgments with any expert disclosures or at the time of testimony at deposition or trial, whichever is earliest);

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

(h) the New Mexico Department of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

   (i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

   (j) any special master or mediator;

   (k) a third party who will arrange for copying and delivery of the documents pursuant to this Confidentiality Order (i.e. a courier service or copy service);

   (l) anyone as otherwise required by law;

   (m) as authorized by the parties specifically; and

   (n) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

   9. Subject to Paragraph 10 of this Protective Order, the recipient of any information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

   10. Nothing in this Order shall be construed to prohibit, restrict, or require State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic Confidential Information and records as authorized or as reasonably required by: (a) its Information Retention Schedules; (b) federal or state law or regulation; (c) court order; (d) any rule of a governmental authority, including, but not limited to, Medicare authorities; (e) in reports to third-parties such as LexisNexis C.L.U.E. (Comprehensive Loss Underwriting Exchange) for Auto & Property Reports; ISO (Insurance Services Office) reports for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark); reports for rate-making or otherwise; and reports in paperless

electronic claim systems and State Farm's Claim File for permissible insurance functions. Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for reporting to and/or regulatory compliance activities of New Mexico Department of Insurance.

11. Any party objecting to the designation of information as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall identify in writing, clearly and expressly invoking this paragraph, the specific CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information to which an objection to the continued protection or restriction on public dissemination is made. The parties with an interest in resolution of the objection shall confer within 14 days after such objection to attempt to resolve their differences unless the parties agree to a longer time. If the parties cannot resolve their differences, the party seeking the continued protection or restriction on public dissemination shall have 14 days after the conference to file a Motion for Protective Order pursuant to the terms and requirements of the FRCP and New Mexico law. The burden shall be on the party filing the Motion for Protective Order to show that the confidential designation is appropriate. Failure to file such a Motion within the given time waives the designation as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. The party submitting any information to the Court for review pursuant to a Motion for Protective Order must seek court permission to file the information under seal or conduct an in camera review. Pending a ruling from the Court, State Farm's designation shall control. A ruling against State Farm's designation may be made as allowed by law. If the Court rules that a CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER designation should not be maintained as to a particular document, the producing party shall

promptly provide the opposing party a copy of that document without the Confidential Information designation.

12. In the event any person subject to this Order, including but not limited to Plaintiff, his counsel, consultant, or expert, receives a subpoena issued in another lawsuit for materials designated by State Farm pursuant to this Order, that person shall give prompt notice to counsel for State Farm within five (5) business days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Documents designated under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 8 for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to State Farm, which may request that the party seeking to use or file the document in question either restrict access to or seek court permission to file the document or under seal, which can be dealt with following the appropriate protocols by motion at that time. Specific to insurance-related litigation, however, an insured is obligated by contract to cooperate with its insurer to provide privacy information, e.g., DOBs, SSNs, driver license numbers, and names of minors for an insurer to evaluate the claim, while the insurer might disclose portions of

personnel files of claim handlers, competitive business information, and financial accounting information. Given this uniqueness of insurance litigation, the parties may file a motion seeking leave of the Court, supported by compelling reasons in fact and law, to keep confidential and not considered part of the public domain limited information, parts of materials, and/or testimony introduced in court records or admitted at trial, when designated in good faith as confidential pursuant to an insurance requirement, this Protective Order, a Confidentiality Agreement, an Order of a Court, governmental subpoena, or regulatory compliance activity. The parties shall continue to maintain the materials in question as Confidential until the Court so rules. These issues may be taken up as a separate matter upon the motion of either of the parties. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court has the authority to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel.

15. Within thirty (30) days of the final determination of this action, each person or party who has received information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed. Counsel of record may retain an archival copy of transcripts of depositions, pleadings, and materials filed with the Court, regardless of whether such transcripts, pleadings (including appendices), and materials contain or refer to information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, subject to the legal requirements for maintenance and destruction of client files by the parties' counsel; provided, however, that the requirements of this

Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order. Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. Accordingly, Counsel may retain said one archival copy for three years after termination of this action, including all appeals. After such period, all materials that contain confidential information must be shredded (if paper) or deleted (if electronic). Otherwise, within seven (7) days of the final determination of this action, counsel of record who has provided information designated by State Farm as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation. **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require State Farm to return or destroy any documents that it is otherwise required by law to maintain.** Nothing in this Agreed Protective Order shall be construed to limit State Farm in its use of designated materials or from disclosing the same. Nothing in this Order shall be construed as affecting State Farm's regular business practices for destruction of documents or State Farm's retention obligations under applicable insurance regulations, any evidentiary hold orders in connection with other litigation, and statutory requirements such as applicable statutes of limitations. Nothing in this Order shall be construed against State Farm in a way that prohibits, restricts, or requires State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic confidential materials and records as authorized or as reasonably required by federal or state law or regulation, or court order, rule, including, but not limited to, Medicare authorities if reporting is applicable, to a third-party for

analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in paperless electronic claim systems for permissible insurance functions. Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

16. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

17. The Parties acknowledge that this Order does not entitle them to seal any of State Farm's CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document when filed in court in connection with any brief, memorandum, motion, affidavit, or other paper. In the event a party seeks to file any document containing Confidential Information with the Court, that party must seek leave to file the document containing Confidential Information or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document containing information subject to this Protective Order as a separate sealed exhibit before a sealing order is obtained, and must also file on the public docket contemporaneously with that filing a redacted version of the document, which may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. The filing party must also contemporaneously file a motion for leave to file the document under seal, identifying (a) the CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or

document; (b) the party who has designated the material as confidential ("the designating party"); and (c) whether the sealing motion is opposed or unopposed. If a motion for leave to file under seal is opposed, the opposing party shall file a response to the motion within seven days of the filing of the motion to file under seal. The Court will rule on the contested sealing motion without further briefing unless the filing party obtains leave of court to file a reply. The motion for leave to file the document under seal also must include an explanation why the document is sealable. If the party filing the document containing CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information is not the designating party, the filer should obtain an explanation for why the document is sealable from the designating party and include that in the motion for leave to file under seal. If the designating party does not provide an explanation in time for it to be included in the motion for leave to file under seal, the designating party must file a separate notice with the explanation within three business days of the motion for leave to file under seal being filed. Failure of the designating party to provide a timely explanation for why the document is sealable may result in the Court denying the motion for leave to file under seal and ordering that the sealed filing be unsealed.

18. The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using such information at any hearing that is open to the public, the party seeking its use must give at least seven (7) days advance notice to the producing party of the intent to use the information so that the producing party may seek an appropriate Court Order

to protect the CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information.

19. The production of privileged or work-product protected documents or information, including electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or electronically stored information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Documents or information produced in discovery that are protected as privileged or work product shall be immediately returned to the producing party.

20. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter, following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED this 2nd day of June, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**APPROVED BY:**

**ALLEN LAW FIRM, LLC**

*/s/ Meena H. Allen*
MEENA H. ALLEN
NATALIE ZERWEKH
6121 Indian School Road, NE, Suite 230

Albuquerque, New Mexico 87110
(505) 298-9400
mallen@mallen-law.com
nzerwekh@mallen-law.com
***Attorneys for Defendant***


**SINGLETON SCHRIEBER LLP**

*/s/ approved by Damon Hudson*
Michael Duran
Singleton Schreiber LLP
6501 Americas Parkway NE, Suite 670
Albuquerque, NM 87110
mduran@singletonschreiber.com

**HUDSON INJURY LAW**

*/s/ Damon Hudson*
Damon J. Hudson
Hudson Injury Law
7 Avenida Vista Grande, Suite B7, PMB 265
Santa Fe, NM  87508
damon@hudsoninjurylaw.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LORENZO GARCIA,

    Plaintiff,

v.                                                                                                         No. 1:24-cv-01286 KK/KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; and RANDY CARNEY,

    Defendants.

**AGREEMENT TO BE BOUND BY
CONFIDENTIALITY AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

I hereby attest to my understanding that information or documents designated as Confidential Material or Confidential Documents and the information contained therein are provided to me pursuant to the terms and conditions and restrictions of the **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** entered in the above styled case. I have been given a copy, read, and understand the **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER,** and I agree to be bound by it and consent to the personal jurisdiction of the Court that entered the **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** for enforcement.

    I further agree that I shall not disclose to others in any manner, except in accordance with that **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**, any Confidential Material (or Confidential Documents) as defined in the **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**, and that such Confidential Material shall be used only for the

purposes of the captioned legal proceeding. I understand that the unauthorized disclosure of confidential material could result in the violation of the rights to privacy, and/or serious economic harm to the party providing the confidential material which could continue to cause harm even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure.

Within thirty (30) days of the final determination of this action, I shall provide written confirmation to counsel of record for Plaintiff that documents produced by State Farm (or disclosing the contents of documents) designated by State Farm as being subject to the **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** have been shredded (if paper) or deleted (if electronic), including the shredding and deletion of all copies, extracts and summaries thereof.

_____    _____
Signature                          Date


_____
Printed Name